DAVID COGGESHALL *vs.* JOHN N. A. GRISWOLD *et als.*

A bill in equity was filed claiming a lien upon certain land, and also on the purchase money paid for it, charging one G. with having purchased it after notice of the lien "had been given to one" H., "the agent and attorney of said" G., and making H. a party, but charging no fraud against him, and praying for no costs against him. The bill was demurred to.

*Held,* that H. was not a proper party to the bill.

*Held,* further, that G. was not properly charged to be a purchaser with notice.

*Held,* further, that the bill was bad for misjoinder of parties and for asking inconsistent remedies.

BILL IN EQUITY to establish a lien. On demurrers to the bill. The bill is as follows :

" Humbly complains to your Honors David Coggeshall, of Middletown, in the County of Newport, in the State of Rhode Island, &c., that Joshua Peckham, Charles E. Spooner, and John B. Mason, all of the city and County of Newport aforesaid, co-partners as Spooner, Mason & Co. were tenants in common of a certain parcel of land situate in the Fourth Ward of the city of Newport aforesaid, near the head of Commercial Wharf, and being so seized and possessed of the same on the 13th day of December, A. D. 1875, conveyed the same to Joshua Peckham in mortgage, to secure the payment of a promissory note therein referred to for five thousand dollars, in one year from that date, with the interest to accrue thereon, which said mortgage and note were afterwards, in consideration of the sum of five thousand dollars, paid to the said Joshua Peckham, assigned by him to your orator, a copy of which said mortgage, promissory note, and assignment are hereto annexed and made a part hereof, which said mortgage is now in full force and no part of the principal amount thereof has been paid ; that at the time of the assignment of the said mortgage to him he was in great domestic affliction, and did not give to the subject the attention he should have done, but presumed that the said mortgage had been duly recorded, but in this he was mistaken, for upon a recent examination of the mortgage he ascertained that the same had not been duly recorded ; that afterwards, on the        day of        A. D. 1881, the said Spooner, Mason & Company, being the owners of the fee of the before described premises, subject to the mortgage aforesaid ; the said firm

then consisting of the said Charles E. Spooner and the said John B. Mason only, the said Joshua Peckham having retired from the said firm and released his interest in the said real estate to the said Spooner & Mason; conveyed their interest in the said premises to one John N. A. Griswold, of the city and County of Newport aforesaid, who took the said conveyance after notice had been given to one Samuel R. Honey, the agent and attorney of said Griswold, of the existence of the said mortgage, and therefore subject to the rights of your orator under the said mortgage therein, both the said Griswold and the said Honey are made parties hereto; that the said Griswold paid to the said Spooner & Mason for the said premises his cheque for the sum of five thousand dollars ($5000), which cheque was indorsed by the said Spooner, Mason & Company, and delivered to one William L. Winslow, of Fall River, in the County of Bristol, as the trustee of the said Spooner, Mason & Company, and upon the trust to collect the same and to distribute the proceeds thereof among the several creditors of the said indorsers. And the same was duly collected by the said indorsee and is now deposited with the Aquidneck National Bank, in Newport, to his credit, and upon which proceeds the said David Coggeshall, your orator, alleges that he has an equitable lien for the payment of his said mortgage, and your orator makes the said William L. Winslow and the said Aquidneck National Bank also parties defendant herein; and your orator well hoped that no differences would have arisen between himself and the said Spooner & Mason, Griswold & Honey, and the said William L. Winslow and the Aquidneck National Bank in reference hereto, but that the said matters would have been amicably adjusted by the payment of his said mortgage and the interest thereon unpaid from the proceeds thereof, but it has been otherwise, and the said defendants neglect and refuse to pay the same; and inasmuch as your orator can only have adequate relief in the premises in this Honorable Court sitting in Equity, where matters of this kind are cognizable and relievable, he prays that the said several persons and corporations last named may be brought into this court and be compelled to make true and perfect answers to all and singular the matters and things herein contained and set forth, but not

upon oath, as specifically as if they were interrogated specially thereto, and that the said mortgage of your orator and the money due your orator thereon be decreed to be a first lien upon the premises in the hands of the said Griswold, and upon the proceeds thereof paid by the said Griswold and now in the hands of the Aquidneck National Bank."          .          .          .

To this bill Griswold, Honey, Spooner, and Mason demurred, for want of equity, for multifariousness, and for misjoinder of parties: the Aquidneck National Bank answered that it had, before the filing of the bill, paid out on Winslow's checks all the money deposited by him, and incorporated into its answer a demurrer for want of equity in the bill.

*Providence, April* 22, 1882.    PER CURIAM.    The demurrers are sustained on the following grounds:

1. The defendant Honey is not a proper party.    No relief is asked against him and there is no charge of fraud with prayer for costs.    Story's Eq. Plead. §§ 231, 232.

2. The allegation by which it is sought to charge Griswold as a purchaser with notice is deficient in certainty.    The bill simply alleges that he purchased after notice to his agent Honey.    It does not allege that the notice was given while the purchase was making or in any closely connected matter, nor that the knowledge resulting from the notice was in Honey's mind when the purchase was made.    Honey may have received the notice in a totally different matter and may have utterly forgotten it, and, if so, Griswold would not be chargeable.    2 White & Tudor Lead. Cas. in Equity, 4th Amer. ed. *168 *et sq.*    Indeed it is not alleged, but is at most only implied, that Honey acted as agent in the matter of the purchase.    Story's Eq. Plead. § 257.

3. The bill is bad for multifariousness, or, more properly, misjoinder of parties.    The defendants are not subject to any common or supplementary liability.    The remedy sought against Griswold is inconsistent with the remedy sought against the other defendants; for if the land is charged the money for which it was sold must be discharged.    The complainant cannot have both remedies, and therefore ought to elect which he will pursue, or at least not pursue both in the same suit.

*Demurrers sustained.*

*William P. Sheffield & Patrick J. Galvin,* for complainant.
*Samuel R. Honey,* for respondents Griswold and Honey.
*Darius Baker,* for respondents Spooner and Mason.
*Francis B. Peckham, Jun.,* for respondent Aquidneck National Bank.